IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL "TODD" DAVIS,

          Plaintiff,

v.                                      CIVIL ACTION NO. 3:24-0711

TOWNSEND TREE SERVICE CO., LLC,
an Indiana LLC, and
THE TOWNSEND CORPORATION,
an Indiana corporation,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant The Townsend Company, LLC's[1] Motion to Dismiss. ECF No. 8. For reasons described below, the Court **DENIES** the motion.

### I.    Background

On September 19, 2024, Plaintiff Michael Todd Davis filed a complaint in state court against Defendants Townsend Tree Service Co., LLC (Townsend Tree) and The Townsend Company, LLC (Townsend Company). In the complaint, Mr. Davis asserts a deliberate intent claim against Townsend Tree and a negligence claim against Townsend Company.[2] *Compl.* ¶¶ 29–36. On December 12, 2024, Defendants removed this proceeding to federal court.

---

[1] The parties agree that, though named in the caption as The Townsend Corporation, the defendant's correct name is The Townsend Company, LLC. To correct the caption, the parties should file a joint motion.

[2] Plaintiff Marsha Davis was included in the complaint as part of a loss of consortium claim. *Compl.* at ¶¶ 37–38. However, Mr. Davis voluntarily dismissed both Plaintiff Marsha Davis and the consortium claim without prejudice. *Notice of Voluntary Dismissal*, ECF No. 19.

According to the complaint, Townsend Tree failed to comply with mandatory federal regulations and Townsend Company's policies. Specifically, crew foreman Keith Johnson, who was one of Mr. Davis's immediate supervisors, "failed to park [a company] truck in a manner that it could be exited forward, failed [to] ensure that there was sufficient clearance between the subject truck and Mr. Davis, and failed to have a second employee, despite there being a passenger in the subject truck, assist with giving backing directions." *Id.* at ¶¶ 6, 15. Additionally, the truck did not have reverse cameras or an audible reverse alarm. *Id.* at ¶¶ 16–17. Crew foreman Keith Johnson backed up the truck and struck Mr. Davis, dragging Mr. Davis several feet and severely injuring him. *Id.* at ¶¶ 24–25. Mr. Davis received a whole person permanent partial disability rating of 17%. *Id.* at ¶ 26.

Townsend Company, the parent and affiliate company of Townsend Tree, "provided safety, training, equipment, management, supervision, oversight, consulting, engineering, and other support" to Townsend Tree. *Id.* at ¶ 34. Specifically, Mr. Davis alleges that Townsend Company failed to ensure Mr. Davis was adequately trained, to implement an appropriate safety plan, to adequately inspect the worksite and equipment, and to comply with its safety procedures. *Id.* at ¶ 35. Mr. Davis alleges that Townsend Company failed to provide and ensure a safe workplace and environment and, in failing to do so, negligently breached its duties to Mr. Davis. *Id.* at ¶¶ 34–35.

Townsend Company moved to dismiss the negligence claim. The parties have fully briefed the issue, and the Court considers the motion below.

## II.     Legal Standard

A complaint must state a plausible claim to survive a 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The complaint must include "enough facts to state a

claim to relief that is plausible on its face." *Id.* at 570. To demonstrate facial plausibility, the plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Courts accept the factual allegations pled in a complaint as true when analyzing a motion to dismiss. *Id.* A court must "draw[] all reasonable factual inferences from those facts [alleged] in the plaintiff's favor[.]" *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (internal quotations and citations omitted). However, those allegations "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

### III.  Analysis

The West Virginia Workers' Compensation Act (WVWCA) immunizes covered employers from liability in common law damages actions. W. Va. Code § 23-2-6. Specifically, the WVWCA provides:

> Any employer subject to this chapter who procures and continuously maintains workers' compensation insurance as required by this chapter or who elects to make direct payments of compensation as provided in this section is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which the employer is not in default and has complied fully with all other provisions of this chapter.

*Id.* The next section of the statute then extends this immunity to others:

> The immunity from liability set out in the preceding section shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention.

W. Va. Code § 23-2-6a.

The core of Townsend Company's argument is that it is an agent or representative of Townsend Tree for purposes of the WVWCA.[3] Mr. Davis disagrees. The Court considers the issue below.

The Supreme Court of Appeals of West Virginia (SCAWV) has provided guidance on the meaning of "agent" and "representative" for purposes of the WVWCA. *Wetzel v. Emps. Serv. Corp. of W. Virginia*, 656 S.E.2d 55 (W. Va. 2007). In *Wetzel*, Mary Wetzel sued Employers Service Corporation of West Virginia (ESC) on behalf of her late husband's estate. *Id.* at 58. Her husband was exposed to a dangerous chemical while working for Chemical Leaman Tank Lines (Chemical Leaman). *Id.* Chemical Leaman entered a contract with ESC, where ESC would administer Chemical Leaman's workers' compensation program. *Id.* Mrs. Wetzel sued ESC under a theory of negligence. *Id.* The lower court held ESC, as an agent of Chemical Leaman, was immune from such a suit pursuant to the WVWCA. *Id.* Upon appeal, the SCAWV addressed whether ESC could appropriately be considered an agent or representative of Chemical Leaman. *Id.*

The *Wetzel* Court cited to several past cases to ascertain the meanings of agent and representative. *Id.* at 60.[4] The SCAWV's definitions of agent and representative fit within the

---

[3] Mr. Davis spent significant time arguing that Townsend Company was not his employer. Townsend Company does not claim that it employed Mr. Davis. *Def.'s Reply* at 3, ECF No. 13.

[4] In *Wetzel*, the SCAWV provided several quotes from other cases in its effort to define agent:
- (1) "An agent in the restricted and proper sense is a representative of his principal in business or contractual relations with third persons." *Id.* (quoting Syl. Pt. 3, *State ex rel. Key v. Bond*, 118 S.E. 276 (W. Va. 1923)) (cleaned up).
- (2) "An agent is one who represents another, called the principal, in dealings with third persons. He is one who undertakes some business or to manage some affair for another by authority of or on account of the latter and to render an account of it." *Id.* (quoting *State ex rel Clark v. Blue Cross Blue Shield of West Virginia, Inc.*, 510 S.E.2d 764, 788 (W. Va. 1998)) (cleaned up).
- (3) "The common law definition of an agent [is] a person authorized by another to act for

familiar common law concept of principal-agent relationships. *See id.* Relying on these definitions, the SCAWV had "no hesitancy" in finding that ESC was an agent or representative of Chemical Leaman. *Id.* Per the SCAWV, "Chemical Leaman entered into an agreement with ESC that gave ESC the responsibility of carrying out Chemical Leaman's statutory duty to process and make payments for workers' compensation claims." *Id.* Therefore, ESC was an agent of Chemical Leaman and immunized by the WVWCA. *Id.*

The present case presents the Court with significantly different facts. Mr. Davis alleges that Townsend Company "provided safety, training, equipment, management, supervision, oversight, consulting, engineering, and other support services to Defendant Townsend Tree Service." *Compl.* ¶ 34. Specifically, Mr. Davis's complaint suggests that Townsend Company was responsible for the training and instruction of relevant supervisors, the maintenance and equipment of the truck that hit Mr. Davis, the inspection of the worksite, and the development of safety procedures related to Townsend Tree's operations. *Id.* at ¶ 35.

The facts before the Court suggest that Townsend Company's relationship was much more significant than the involvement of ESC in *Wetzel*. *Wetzel*, 656 S.E.2d at 60. ESC was hired to perform the specific role of handling Chemical Leaman's workers' compensation claim. *Wetzel*, 656 S.E.2d at 60. Meanwhile, Townsend Company can conceivably be understood as having had a level of control over Townsend Tree's operations. Such control plausibly indicates Townsend Company was the principal, rather than an agent, in this relationship.[5] While the West Virginia

---

        him." *Id.* (quoting *Warden v. Bank of Mingo*, 64, 341 S.E.2d 679, 683 (W. Va. 1985)) (cleaned up).

   (4) An agent or representative is one who "acted in place of or conducted business on behalf of [the principal] and was, therefore an agent or representative of [the principal]." *See id.* (quoting, favorably, the lower court the SCAWV was reviewing).

[5] Townsend Company points to language in Mr. Davis's Response where he contends Townsend Company did not control his work and had limited control over Townsend Tree's work.

Legislature and the SCAWV recognized immunization provisions for agents, neither recognized the same for principals. Therefore, since the facts as pled plausibly suggest Townsend Company is not an agent or representative of Townsend Tree, Mr. Davis has alleged facts sufficient to survive Townsend Company's motion.[6] Accordingly, the Court **DENIES** Townsend Company's motion to dismiss.

### IV.    Conclusion

For the reasons described above, the Court **DENIES** The Townsend Company, LLC's Motion to Dismiss. ECF No. 8.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:       July 22, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

*Def.'s Reply* at 7. However, the Court need not address this point because in a motion to dismiss the Court takes the facts as pled in the complaint, not as characterized in briefs.

[6]     The parties spend significant time disputing the implications of *Adkins v. Consolidation Coal Co.*, 856 F. Supp. 2d 817 (S.D.W. Va. 2012) and *Feltner v. Consol of Kentucky, Inc.*, No. 2:17-CV-04619, 2018 WL 2248604 (S.D.W. Va. May 15, 2018). However, neither opinion is dispositive in this case. *Adkins* primarily implicated the issue of fraudulent joinder, which invokes a more favorable standard than the standard applied in a motion to dismiss. *Adkins*, 856 F. Supp. 2d at 820. Meanwhile, *Feltner* involved a case where the facts were analogous to those in *Wetzel*, leading the *Feltner* Court to grant the motion to dismiss. *Feltner*, 2018 WL 2248604, at *5 ("[H]ere, the Complaint does not allege that [the company] was involved in [the employer's] operations other than providing workers' compensation benefits to [the employer's] employees and owning the mining truck that [the employer] hired Feltner to operate").